**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAMILTON PACIFIC CHAMBERLAIN, LLC**,<br>101 Paul Mellon Court, Suite 3<br>Waldorf, Maryland 20602,<br><br>Plaintiff,<br><br>v.<br><br>**HON. DAVID SHULKIN**,<br>*in his official capacity as Secretary of Veterans Affairs*,<br>801 Vermont Avenue, NW<br>Washington, DC 20571,<br><br>*and*<br><br>**DEPARTMENT OF VETERANS AFFAIRS**<br>801 Vermont Avenue, NW<br>Washington, DC 20571<br><br>Defendants. | Civil Action No. 17-498 |

# COMPLAINT

Plaintiff Hamilton Pacific Chamberlain, LLC ("HPC") submits this Complaint seeking declaratory and injunctive relief against Defendants Secretary of Veterans Affairs David J. Shulkin (the "Secretary"), *in his official capacity*, and the Department of Veterans Affairs ("VA") (Secretary and VA, collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is a civil action seeking injunctive relief against the VA's refusal to comply with 38 CFR 74.15.

2. Under 38 CFR 74.15, as amended by the VA's February 21, 2017 interim final rule ("Interim Final Rule"), which effective immediately, extended the eligibility period for verified Service Disabled Veteran Owned Small Businesses ("SDVOSB") from two to three years. Twenty days later, however, the VA issued a memorandum suspending the rule until March 21, 2017. Due to the VA's refusal to comply with 38 CFR 74.15, as amended by the Interim Final Rule, the VA will delist HPC as an SDVOSB at midnight on March 20, 2017.

3. Because federal agencies are required to follow their own regulations, the VA's memorandum suspending a valid, previously implemented rule should be enjoined, and HPC is entitled to declaratory judgment.

## JURISDICTION

4. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-596, 701-706, *et seq*.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. There exists an actual and justiciable controversy between HPC and Defendants requiring resolution by this Court.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

## PARTIES

8. HPC is a construction company located at 101 Paul Mellon Court, Suite 3, Waldorf, MD 20602 and is registered as a Limited Liability Company in

Maryland. HPC is a verified SDVOSB that completes construction projects across the United States pursuant to contracts with the VA and other federal agencies.

9. Defendant David Shulkin is the Secretary of the VA and is sued in his official capacity.

10. The VA is an agency of the United States federal government, subject to the APA.

**FACTS**

11. The Veterans Benefit Act provides that "[i]n procuring goods and services pursuant to a contracting preference under this title or any other provision of law," the VA Secretary "***shall*** give priority to a small business concern owned and controlled by veterans, if such business concern also meets the requirements of that contracting preference" 38 U.S.C. § 8128 (emphasis added).

12. In this regard, the VA created the Veterans First Contracting Program, which gives Veteran Owned Small Businesses and SDVOSBs priority for contracting opportunities.

13. HPC is a SDVOSB construction contractor performing primarily federal construction work.

14. A majority of HPC's revenue comes from bidding and winning VA procurements set-aside for competition by only SDVOSBs under the Veterans First Contracting Program.

15. HPC's SDVOSB status is verified by the VA's Center for Verification and Evaluation ("CVE").

16. SDVOSBs verified by CVE are listed in the VA's Vendor Information Pages ("VIP") database.

17. In order to be eligible to compete for any procurements issued by the VA that are set-aside for SDVOSBs, a company must be verified by the CVE as a SDVOSB and listed in the VA VIP database. *See* VAAR 852.219-10.

**VA Amendment of 38 CFR 74.15**

18. Prior to February 21, 2017, the verification eligibility period for SDVOSB was two years.

19. On February 21, 2017, the Secretary of the VA published an Interim Final Rule to amend the language of 38 CFR 74.15(a) and extend the eligibility period for SDVOSBs from two years to three years. Veteran-Owned Small Business Verification Guidelines, 82 Fed. Reg. 11,154 (Feb. 21, 2017) (codified at 38 C.F.R. 74.15).

20. As permitted under 5 U.S.C.A. § 553, the Secretary forewent a notice and comment period because it was "impracticable, unnecessary, and contrary to public interest to delay the effective date of this regulation." *Id.*

21. The Interim Final Rule became effective on February 21, 2017, the date of publication.

22. Indeed, the Interim Final Rule explicitly stated that the three-year eligibility period was "effective on the date of publication." *Id.*

23. Under the Interim Final Rule, as of February 21, 2017, HPC's verified SDVOSB status is valid until March 20, 2018.

24. Regardless, in an abundance of caution, HPC submitted its reverification application online on February 23, 2017.

25. On March 13, 2017, twenty days after the Interim Final Rule went into effect, Thomas J. McGrath, the Director for the CVE, issued a Memorandum (the "CVE Memorandum"), in contravention of 38 CFR 74.15, stating that the three-year eligibility period "will not take effect until March 21, 2017."

26. However, 38 CFR 74.15(a) reflects the published and effective interim final rule, showing that the three-year eligibility period is already in effect.

**HPC Informed Its Verification Will Expire**

27. On March 16, 2017, Paul Hamilton, Executive Vice President of HPC, called the Department of Veterans Affairs to inquire about the status of HPC's SDVOSB verification.

28. The VA representative told Paul Hamilton that the VA was treating the February 21, 2017 amendment to 38 CFR 74.15 as going into effect on March 21, 2017.

29. Paul Hamilton was also told that HPC's re-verification application had not yet been assigned a case analyst and that it typically takes eight weeks for a case analyst to be assigned for review.

30. Once assigned, the VA must review reverification applications within sixty days, when practicable. 38 CFR 74.11.

31. On March 17, 2017, Griffin Hamilton, President of HPC, called the Department of Veterans Affairs to ask about HPC's verification status.

32. Griffin Hamilton was told that the VA had issued a memorandum stating that 38 CFR 74.15 would not go into effect until March 21, 2017 and that only firms verified on March 21, 2017 would receive an extension to their eligibility period. The VA representative reiterated that the VA would delist HPC from the VIP database on March 20, 2017.

33. On March 17, 2017, HPC's representative called the VA to seek clarification on why the VA would not apply 38 CFR 74.15.

34. The VA representative said that it would not apply 38 CFR 74.15 to HPC because the VA had issued a Memorandum stating that only firms verified as of March 21, 2017 would receive an extension. The VA representative again stated that the VA would likely delist HPC from the VIP database at midnight on March 20, 2017.

35. As a result, HPC will be ineligible to bid on any procurements issued by the VA that are set-aside for SDVOSBs.

36. Being delisted from the VIP database and therefore being ineligible to compete on VA procurements set-aside for SDVOSBs will irreparably damage HPC.

37. Starting on March 21, 2017, HPC intends on submitting bids over the next eight weeks for fifteen separate VA set-aside procurements. If this Court denies injunctive relief, HPC will be deemed ineligible for each and every one.

**COUNT I—Administrative Procedure Act**
**(VA's Memorandum is Arbitrary, Capricious, and Otherwise Not in Accordance with Law)**

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. The APA prohibits agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

40. On February 21, 2017, the VA issued an Interim Final Rule amending 38 CFR 74.15 to change the eligibility period for SDVOSBs from two years to three years.

41. The Interim Final Rule states that it is effective on February 21, 2017.

42. Moreover, VA intentionally forewent a notice and comment period because it was "impracticable, unnecessary, and contrary to public interest to delay the effective date of this regulation." Veteran-Owned Small Business Verification Guidelines, 82 Fed. Reg. 11,154 (Feb. 21, 2017) (codified at 38 C.F.R. 74.15).

43. Yet, on March 13, 2017, Director McGrath issued the CVE Memorandum directing the VA that the Interim Final Rule will take effect on March 21, 2017.

44. The CVE Memorandum constitutes a final agency action in that it is the consummation of the VA's decision making process and significant legal consequences will flow from such action for which HPC has no adequate remedy.

45. Nothing in 38 CFR 74.15 indicates that the three year eligibility period will take effect on March 21, 2017 or that firms must be verified as of March 21, 2017 to be granted the extended eligibility period.

46. Both CVE's Memorandum and the VA's subsequent refusal to comply with 38 CFR 74.15 are arbitrary, capricious, and contrary to and in direct contravention of the law.

47. As a result of the Defendants' actions, HPC will be excluded from VA set-aside procurements, which will significantly and negatively impact its business.

**COUNT II—Administrative Procedure Act**
**(Failure to Follow Required APA Procedure)**

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. Any rule that significantly affects private interests is a "legislative rule."

50. Legislative rules are subject to the APA's notice-and-comment requirements.

51. The CVE Memorandum significantly affected the rights of HPC and other SDVOSBs relying upon the extended eligibility period.

52. In this regard, the CVE Memorandum is a final agency action because it is the consummation of the VA's decision-making process, and it results in significant legal consequences for which HPC has no adequate remedy.

53. The CVE Memorandum constitutes a substantive legislative rule.

54. The CVE Memorandum, however, did not comply with the APA's notice-and-comment requirements.

55. For such reasons, the CVE Memorandum imposed a legislative rule without observance of the procedure required by law, in violation of the APA.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that this Court grant the following relief:

A. An order temporarily and preliminarily enjoining Defendants from delisting HPC as an SDVOSB in the Vendor Information Pages database;

B. An order stating that Defendants must comply with 38 CFR 74.15, as amended on February 21, 2017;

C. An order holding unlawful and setting aside the CVE Memorandum;

D. An order declaring that the Interim Final Rule became effective on February 21, 2017 extending the eligibility period for all firms verified as of February 21, 2017 for one year;

E. An award of costs and attorneys' fees under any applicable statute or authority; and

F. A grant of such additional relief as this Court deems proper.

**[SIGNATURE ON NEXT PAGE]**

Respectfully submitted,

Date: March 20, 2017

**FOX ROTHSCHILD LLP**

/s/ K. Edward Raleigh
K. Edward Raleigh, Esq.
(Admitted in D.DC, Bar No. 1013444)
P. Sean Milani-nia, Esq.
(Admitted in DC Superior Court)
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Telephone: (202) 696-1479
Facsimile: (202) 461-3102
keraleigh@foxrothschild.com
smilani@foxrothschild.com
*Attorneys for Plaintiff*